Gervase A. Kessler v. Commissioner.
Kessler v. Commissioner
Docket No. 50259.
United States Tax Court
T.C. Memo 1955-203; 1955 Tax Ct. Memo LEXIS 138; 14 T.C.M. (CCH) 814; T.C.M. (RIA) 55203; July 21, 1955
*138 Gervase A. Kessler, 330 East 12th Street, Newton, Kansas, pro se. Hunter D. Heggie, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $366 for the year 1951. The question is whether the petitioner is entitled to a dependency credit for three minor children. Findings of Fact The petitioner is an individual residing in Newton, Kansas. For the calendar year 1951 he filed his individual Federal income tax return with the collector of internal revenue for the district of Kansas. On March 14, 1947, the District Court of Sedgwick County, Kansas, decreed that Gladys Kessler (former wife of Gervase A. Kessler) have the care, custody and control of the minor children, namely; Marjorie, Harold, Lora, Wynona, Wayne and Darrell Kessler. Gervase was ordered to pay $95 a month to the Clerk of the District Court of Sedgwick County, Kansas. Gladys was to receive the $95 a month from the clerk and she was to pay $25 each month on the home and apply the balance to the support and care of said children. In the same proceeding the court decreed as a division of property that Gladys and Gervase each take *139 a one-half undivided interest in the home property. The court further decreed as a division of property that Gladys have use of the property as a home for the minor children until the youngest child reached eighteen years, or as long as she had care and custody of any child under eighteen. Upon the occurrence of either of these events the property was to be sold and the proceeds equally divided. On January 11, 1951, the District Court of Sedgwick County, Kansas, granted a motion of Gervase to reduce child support for the minor children (Wynona, Wayne and Darrell) to $60 a month. Pursuant to court order the petitioner paid $725 in 1951 for the care and support of the three minor children. A small per cent of this amount was spent by Gladys on herself. The petitioner spent $2 a week on allowances for the children besides the amount paid pursuant to court order. Petitioner claimed Wynona, Wayne and Darrell as exemptions on his 1951 Federal income tax return. Gladys also claimed Wynona, Wayne and Darrell as exemptions on her 1951 Federal income tax return. Opinion TIETJENS, Judge: This case again demonstrates the difficulty of sustaining the burden of proof placed on petitioners *140 claiming dependency credits. Petitioner appeared pro se. He was the sole witness. The only convincing evidence adduced was that petitioner paid about $829 to his wife during 1951 ostensibly for the support of the three minor children who lived with the wife during that year. The wife also claimed the same children as dependents. Petitioner had no first-hand knowledge and could testify only by opinion and estimate concerning over-all amounts actually expended for the support of the children. Petitioner has the burden of proof to show that more than one-half of the support for each child was received from him. This burden has not been carried. Decision will be entered for the respondent.